UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID A. SANDERS (#458414)

VERSUS                                          CIVIL ACTION

JEFF WILEY, ET AL                               NUMBER 12-688-BAJ-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, July 3, 2013.

                                          STEPHEN C. RIEDLINGER
                                          UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID A. SANDERS (#458414)

VERSUS                                                          CIVIL ACTION

JEFF WILEY, ET AL                                     NUMBER 12-688-BAJ-SCR

**<u>MAGISTRATE JUDGE'S REPORT</u>**

Before the court is the order to the plaintiff to show cause why the complaint should not be dismissed for failure to serve the defendants pursuant to Rule 4(m), Fed.R.Civ.P.  Record document number 14.

On April 16, 2013, an Order to Show Cause was issued requiring the plaintiff to show cause why his complaint should not be dismissed for failure to serve timely the defendants pursuant to Rule 4(m), Fed.R.Civ.P.  The order was returned undelivered.  A notation by prison officials on the envelope stated that the letter was "refused unable to forward."[1]  On May 31, 2013, the plaintiff filed a notice of change of address.[2]

A review of the record showed that none of the defendants filed an answer or other responsive pleading, nor otherwise made an appearance, and the record does not contain any evidence that the defendants have been served with a summons and the complaint.  The

---

[1] Record document number 12.

[2] Record document number 13.

U.S. Marshal advised that the Form 285 sent to the plaintiff on March 19, 2013, was returned undelivered on April 4, 3013.

Plaintiff was again ordered to show cause on June 21, 2013, why his complaint should not be dismissed for failure to serve the defendants pursuant to Rule 4(m).[3]  Plaintiff was again placed on notice that the failure to comply with the order may result in dismissal of the complaint.  Plaintiff failed to respond to the order to show cause.

Under Rule 4(m) a district court is permitted to dismiss a case without prejudice if a defendant has not been served within 120 days after a complaint is filed.  *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).  However, if a plaintiff can establish good cause for failing to serve a defendant, the court must allow additional time for service.  *Id*.

To establish good cause, a plaintiff has the burden of demonstrating "*at least* as much as would be required to show excusable neglect...." *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985).  "[S]imple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice...." *Id*.  In addition, "some showing of 'good faith on the part of the party seeking an enlargement *and* some reasonable basis for noncompliance within the time specified' is normally required." *Id*. (quoting Charles Alan Wright & Arthur R. Miller, *Federal*

---

[3] Record document number 14.

*Practice and Procedure* § 1165 (1969)). It is "irrelevant that the defendant not served within the 120-day period later finds out about the suit or is in fact later served, so long as there was not good cause for the failure to serve within the 120 days." *Id*. at 1305-06.

An incarcerated pro se plaintiff is "entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such fault is through no fault of the litigant." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). However, if the failure to timely effect service is due to the "dilatoriness or fault" of the plaintiff, he will be unable to show good cause for such failure. *Id*.

The record evidence supports a finding that the failure to timely effect service was due to the "dilatoriness or fault" of the plaintiff, and that the plaintiff has not shown good cause for failure to timely service the defendants.

Even without a showing of good cause, the court may exercise its discretion to extend the time for service. However, a review of the record does not support such an extension.

## RECOMMENDATION

It is the recommendation of the magistrate judge the plaintiff's complaint be dismissed, without prejudice, pursuant to

3

Rule 4(m), Fed.R.Civ.P.[4]

Baton Rouge, Louisiana, July 3, 2013.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[4] It is well established that a dismissal without prejudice is permitted by Rule 4(m) even when a re-filed complaint would be time-barred. *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304 (5th Cir. 1985); *McDonald v. United States*, 898 F.2d 466 (5th Cir. 1990); *Traina v. United States*, 911 F.2d 1155 (5th Cir. 1990); *Peters v. United States*, 9 F.3d 344 (5th Cir. 1993); *contra Millan v. USAA General Indem. Co.*, 546 F.3d 321 (5th Cir. 2008)(applying Rule 41(b) standard to Rule 4(m) dismissal). Even applying the stricter Rule 41(b) standard, a dismissal with prejudice is warranted in the circumstances of this case.